(CJM/)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| RONALD D. CLEMONS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DALTON LEVI AUXIER, JR., individually and as ) <br> agent of RMT TRANSPORT, INC., and RMT ) <br> TRANSPORT, INC., an Indiana Corporation, ) <br> ) <br> Defendants. ) | No. 19 L 012680 |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendants, DALTON LEVI AUXIER, JR. and RMT TRANSPORT, INC. by and through their attorneys, ORLEANS CANTY NOVY LLC, as and for their Answer and Affirmative Defenses to Plaintiff's Complaint at Law states as follows:

### COUNT I
### NEGLIGENCE
### RONALD D. CLEMONS V. DALTON LEVI AUXIER, JR., individually and as agent of RMT TRANSPORT, INC.

1. Defendant admits the allegations contained in paragraph 1 of Count I.

2. Defendant has insufficient knowledge and information upon which to base a belief as to the truth of the allegations contained in paragraph 2 and therefore denies the same and demands strict proof thereof.

3. Defendant admits he was driving a certain motor vehicle on the date alleged, and at the approximate location alleged.



EXHIBIT 3

4. Defendant admits that on the date alleged, AUXIER was an employee of and operating a motor vehicle under dispatch by RMT TRANSPORT.

5. Defendant admits any duties imposed upon it by law and denies any violation of such duties.

6. Defendant denies the allegations contained in paragraph 6.

7. Defendant denies each and every allegation contained in paragraph 7 including, but not limited to, subparagraphs a-g, inclusive thereof.

8. Defendant denies the allegations contained in paragraph 8.

WHEREFORE, the Defendant, DALTON LEVI AUXIER, JR. denies that the Plaintiff is entitled to judgment against the Defendants in the amount alleged or in any amount whatsoever. The Defendant, DALTON LEVI AUXIER, JR., requests judgment in his favor and against the Plaintiff, RONALD D. CLEMONS, plus costs of the suit.

### COUNT II
### NEGLIGENCE/RESPONDEAT SUPERIOR
### RONALD D. CLEMONS V. RMT TRANSPORT, INC.

1-7. Defendant, RMT TRANSPORT, INC. repeats and realleges the Answers to paragraphs 1-7 of Count I as thought fully stated herein.

8. Defendant admits that on the date alleged, AUXIER, was an employee of and operating a motor vehicle under dispatch by RMT TRANSPORT, INC.

9. Defendant denies the allegations contained in paragraph 9.

WHEREFORE, the Defendants, DALTON LEVI AUXIER, JR. and RMT TRANSPORT, INC., deny that the Plaintiff is entitled to judgment against the Defendants in the amount alleged or in any amount whatsoever. The Defendants, DALTON LEVI AUXIER, JR.

and RMT TRANSPORT, INC., request judgment their favor and against the Plaintiff, RONALD D. CLEMONS, plus costs of the suit.

The Defendants demand trial by twelve-person jury.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendants, DALTON LEVI AUXIER, JR. and RMT TRANSPORT, INC., by and through their attorneys, ORLEANS CANTY NOVY, LLC, pleading in the alternative without prejudice to their Answer and other responsive pleadings to Plaintiff's Complaint, and as and for their Affirmative Defenses to Plaintiff's Complaint state as follows:

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff, RONALD D. CLEMONS, has filed a Complaint against Defendants, DALTON LEVI AUXIER, JR. and RMT TRANSPORT, INC., wherein Plaintiff alleges that he was injured as result of a motor vehicle incident that occurred on November 22, 2017, on Interstate 94 at or near West 26th Street in the City of Chicago, County of Cook, State of Illinois.

2. That Defendants, DALTON LEVI AUXIER, JR. and RMT TRANSPORT, INC., have denied in their Answer to Plaintiff's Complaint each and every material allegation of fault.

3. That if the incident occurred as alleged by Plaintiff, on or about the date of the occurrence, it was the duty of RONALD D. CLEMONS to exercise ordinary care for his own safety and to avoid injury or damage to herself and to others lawfully on the roadway.

4. That if the incident occurred as alleged by Plaintiff, RONALD D. CLEMONS, carelessly and negligently breached his duty by committing one, more, or all of the following acts and/or omissions:

    a. Negligently and carelessly failed to keep a proper and sufficient lookout while in a roadway;

    b.     Negligently and carelessly moved his vehicle into another lane of travel before ascertaining that it was safe to do so in violation of 625 ILCS 5/11-709;

    c.     Negligently and carelessly failed to operate his motor vehicle in such a manner as needed to avoid a collision based on the conditions and traffic;

    d.     Negligently operated his motor vehicle at a rate of speed greater than was reasonable and proper upon the roadway and in violation of 625 ILCS 5/11-601(a);

    e.     Negligently and careless failed to keep proper control of said vehicle;

    f.     Was otherwise careless and negligent.

5.     That if Plaintiff, RONALD D. CLEMONS, was injured or damaged as alleged in Plaintiff's Complaint, one or more or all of the above acts and/or omissions by RONALD D. CLEMONS was the sole, proximate, or contributing cause of the injuries and damages alleged.

6.     That if Plaintiff, RONALD D. CLEMONS, was injured or damaged as alleged in Plaintiff's Complaint, one or more or all of the above acts and/or omissions of RONALD D. CLEMONS proximately caused such injuries and damages and constitutes more than 50% of fault for the accident, injuries, and damages complained and accordingly, the claims of Plaintiff are barred by virtue of the provisions of 735 ILCS 5/2-1116.

7.     That alternatively, in the event a jury finds that the fault of Plaintiff, RONALD D. CLEMONS, was less than 50% of the total proximate cause of the injury and damages for which recovery is sought, then such verdict is to be reduced to the extent by which RONALD D. CLEMONS'S own fault caused or contributed to the occurrence claimed and the resulting injuries and damages, pursuant to 735 ILCS 5/2-1116.

WHEREFORE, Defendants, DALTON LEVI AUXIER, JR. and RMT TRANSPORT, INC., request that Plaintiff, RONALD D. CLEMONS'S claim be barred by virtue of the provisions of 735 ILCS 5/2-1116 or alternatively that if the jury finds that the fault of RONALD D. CLEMONS was less than 50% of the total fault, then any such recovery be reduced in an

amount equal to RONALD D. CLEMONS proportionate share of fault in proximately causing the injuries and damages alleged.

## SECOND AFFIRMATIVE DEFENSE

1-2. That Defendants, DALTON LEVI AUXIER, JR. and RMT TRANSPORT, INC., incorporate and re-allege Paragraphs 1-2 of their First Affirmative Defense as and for Paragraphs 1-2 of their Third Affirmative Defense as if fully set forth herein.

3. That Plaintiff's alleged damages were the sole proximate result of negligent conduct of parties or non-parties not under the control of Defendants, DALTON LEVI AUXIER, JR. and RMT TRANSPORT, INC.,

WHEREFORE, Defendants, DALTON LEVI AUXIER, JR. and RMT TRANSPORT, INC., respectfully request that judgment be entered in their favor and against Plaintiff with costs of suit.

The Defendants demand trial by twelve-person jury.

DALTON LEVI AUXIER, JR. and RMT TRANSPORT, INC., Defendants,

By: _____
One of Their Attorneys

ORLEANS CANTY NOVY, LLC
65 E. Wacker Place, Suite 1220
Chicago, IL 60601
Telephone: (847) 625-8200
Facsimile: (847) 625-8262
Firm No. 61094
service@ocnlaw.com

(CJM/)

IN THE CIRCUIT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| RONALD D. CLEMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 19 L 012680 |
| ) | |
| DALTON LEVI AUXIER, JR., individually and as ) | |
| agent of RMT TRANSPORT, INC., and RMT ) | |
| TRANSPORT, INC., an Indiana Corporation, ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT

Carissa J. Meyer, being first duly sworn upon oath, deposes and states that she is one of the attorneys for Dalton Levi Auxier, Jr. and RMT Transport, Inc. in the above-captioned matter, that she is informed as to the allegations of insufficiency of knowledge to form a belief in the foregoing Answers of Dalton Levi Auxier, Jr. and RMT Transport, Inc. to Plaintiff's Complaint at Law, and that on the basis of such information, she denies said allegations and requires strict proof thereof.

Subscribed and Sworn to
before me this 31st day
of December, 2019.

Notary Public

J L COFFIELD
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
June 29, 2021